\*\*Original filed 3/21/06\*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC DUARTE, | ) | No. C 05-1049 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSE FIGUEROA, CHIEF OF POLICE, | ) | |
| SANTA CLARA, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | (Docket Nos. 3, 4) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on behalf of his minor son, Michael Duarte ("Michael"), alleging claims of excessive force by Santa Clara Police Officers on or about December 12, 2001. The complaint seeks monetary damages and a declaratory judgment. The complaint alleges that Santa Clara Police Officers used excessive force by threatening Michael's life at gunpoint during a search of Plaintiff's house. The Court concludes that Plaintiff cannot bring the instant action on behalf of his minor son under § 1983 and will DISMISS the complaint without prejudice. Based upon the dismissal, Plaintiff's motion to proceed in forma pauperis and motion for appointment of counsel (docket nos. 3, 4) are DENIED.

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Duarte049dis

**DISCUSSION**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

An individual's capacity to sue is determined by the law of the individual's domicile. See Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor, see Cal. Fam. Code § 6502, who may bring suit as long as a guardian conducts the proceedings, see id. § 6601. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (non-attorney raising a due process claim under 42 U.S.C. § 1983 may appear pro se on his own behalf, but he has no authority to appear as an attorney for others than himself). Federal Rule of Civil Procedure 17(c)) further provides that "[w]henever an infant or incompetent person has a representative, such as a general guardian, committee, conservator or other fiduciary, the representative may sue or defend on behalf of the infant or incompetent person." A parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer, however. See Johns, 114 F.3d at 877. "'[I]t is not in the interest of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.'" Id. at 876-77 (quoting Osei-Afriyie v. Medical College, 937 F.2d 876, 882-83 (3d Cir. 1991)).[1] If a lawyer is

---

[1] Nor is the Free Exercise Clause violated by requiring a parent or guardian to retain a lawyer even if the requirement is at odds with conduct that the parent or guardian's religion prescribes.

not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the minor may bring the action upon reaching the age of majority. See id. at 878.[2]

The Court notes that Plaintiff filed a motion for appointment of counsel (docket no. 4). Plaintiff maintains that appointment of counsel is necessary because he is unable to afford counsel, the issues involved are complex, he has a limited knowledge of the law, and that the claims are meritorious. However, there is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized,

---

See Johns, 114 F.3d at 877. A parent's right to direct a child's religious upbringing is not at stake when requiring a lawyer; at issue is the appropriate protection of a minor's legal rights in federal court. See id.

[2] Generally, state statutes of limitation toll causes of action for minors, and the limitations period for actions brought under 42 U.S.C. § 1983 should be taken from the statute governing actions for personal injuries in the state where the claim arose. See Johns, 114 F.3d at 878 n.2.

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Duarte049dis

1  district court did not abuse discretion in denying request for counsel). The Court
2  concludes that appointment of counsel is not required in this action. Plaintiff has aptly
3  presented his claims in a pending § 1983 action in the Court, C 05-1374 CW (PR). The
4  minor's claims are not complex at this stage of the proceedings, and there is no apparent
5  reason why Plaintiff is the only individual that can bring this proceeding on behalf of
6  Michael. Accordingly, Plaintiff's motion for appointment of counsel (docket no. 4) is
7  DENIED without prejudice. As Plaintiff cannot represent his minor son in this action, the
8  instant complaint is DISMISSED without prejudice.

## CONCLUSION

The Court concludes that Plaintiff is unable to proceed pro se, on behalf of his minor son, in this § 1983 action. The instant complaint is DISMISSED without prejudice. The Clerk shall terminate all pending motions (docket nos. 3, 4) and close the file.

IT IS SO ORDERED.

DATED: 3/20/06

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Duarte049dis

Case 5:05-cv-01049-JF   Document 6   Filed 03/21/06   Page 5 of 5

1 | This is to certify that on 3/21/06, a copy of this ruling was mailed to the following:

Eric Duarte
T-24814
CA State Prison - Corcoran II
P.O. Box 3481
SHU 4B-3L-59
Corcoran, CA  93212

Order of Dismissal
P:\pro-se\sj.jf\cr.05\Duarte049dis